UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CRAIG STEVEN DOUGHERTY )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>*Defendant*. ) | Case No: 2:18-cv-189<br><br>Judge Christopher H. Steger |

## **MEMORANDUM OPINION**

Plaintiff Craig Dougherty seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, per 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 15].

For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc.16] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 21] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.      Procedural History**

In August 2015, Plaintiff applied for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of August 11, 2015. (Tr. 12). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before

1

an administrative law judge. (*Id.*).

In December 2017, the Honorable Brian Lucas, administrative law judge ("ALJ"), heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined in the Act. (*Id.* at 22). Following the ALJ's decision, Plaintiff requested that the Appeals Council review his denial; however, that request was denied. (*Id.* at 1). Exhausting his administrative remedies, Plaintiff then filed his Complaint in November 2018, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings with respect to the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since August 11, 2015, through the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff has the following severe impairments: degenerative disc disease, osteoarthritis, obesity, and hypertension (20 C.F.R. § 404.1520(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

5. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. Plaintiff was born on January 20, 1969, and was 46 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. § 404.1563).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. § 404.1564).

9. Plaintiff has acquired work skills from past relevant work (20 C.F.R. § 404.1568).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff has work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy that the Plaintiff can perform (20 C.F.R. §§ 404.1568(d), 404.1569, 404.1569(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from August 11, 2015, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

(Tr. at 12-22).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, plaintiffs must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, he is not disabled; (2) if the claimant does not have a severe impairment, he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, he is disabled; (4) if the claimant is

capable of returning to work he has done in the past, he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, he is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that he can perform considering his age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching his decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, he must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See*

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Further, courts not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV. Analysis

Plaintiff's ultimate objection is that substantial evidence does not support the Commissioner's non-disability finding. In support of that issue, Plaintiff raises—what the Court can glean—the following four issues: (1) Whether the ALJ erred by not finding Plaintiff disabled when the Veterans Administration ("VA") stated that he was disabled; (2) Whether the ALJ erred in considering Plaintiff's mental impairments; (3) Whether the ALJ failed to properly consider the opinion of Dr. Stephen Cradic, Plaintiff's chiropractor; and (4) Whether the ALJ properly evaluated Plaintiff's subjective complaints. The Court will address each in turn.

### A. The Veterans Administration's Finding that Plaintiff was Disabled

Plaintiff's first contention is that the ALJ's decision lacks substantial evidence because "it does not properly consider the service[-]connected disability of the Plaintiff from the [VA], and more importantly, it does not consider . . . the opinion evidence from the Veterans Administration [that] describes the various limitations [ ] Plaintiff would have." [Doc. 17 at PageID #: 1597]. At

the hearing, the Plaintiff testified that he was 100% service-connected disabled,[1] and the VA's records support that finding, [Tr. 1041-42].

While the Court is appreciative of Plaintiff's service and mindful of the price Plaintiff has paid as a result of that service, it cannot accept Plaintiff's contention that a disability finding by the VA equates to a disability finding by the Commissioner. Due to different standards,[2] ALJs are not bound to accept the disability rating made by the VA. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013). The Social Security disability rules are clear:

> A decision by any . . . other governmental agency about whether you are disabled . . . is based upon its rules and is not our decision about whether you are disabled. . . . We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us.

*Id.* (citing 20 C.F.R. § 404.1504). A disability rating from the VA is entitled to consideration, but the Sixth Circuit has not specified the weight such a determination should carry when determining Social Security disability eligibility. *Id.* (citing *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)). Nonetheless, a VA disability rating is entitled to consideration. *Id.*; SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.").[3]

Here, the ALJ specifically considered the disability ratings assigned to Plaintiff by the VA.

---

[1] [*See* Tr. 38]

[2] *See Deloge v. Comm'r of Soc.Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013) (noting that due to the VA's reliance on independent and distinct criteria to assess disability, its determination does not control whether a claimant is eligible for Social Security disability benefits).

[3] SSR 06–03p was rescinded for claims filed on or after March 27, 2017. 82 FR 15263–01, 2017 WL 1105348 (Mar. 27, 2017). SSR 06–03p was rescinded, in part, because social security rules were revised and revisions therein provided that "adjudicators will not provide any articulation about their consideration of decisions from other governmental agencies and nongovernmental entities because this evidence is inherently neither valuable nor persuasive to us." *Id.*; *see also* 20 C.F.R. § 404.1504 (eff. Mar. 27, 2017). Notwithstanding these rule revisions, Plaintiff's claim was filed prior to March 27, 2017, and therefore, SSR 06–03p is applicable to his claim.

The ALJ correctly noted that VA standards for disability are different than Social Security Administration standards for evaluating disability. *See, e.g.*, *Deloge*, 540 Fed. Appx. at 519 ("The VA relies on independent and distinct criteria to assess disability[.]"). The ALJ was also correct in concluding that the determination of disability is reserved to the Commissioner. SSR 06–03p, 2006 WL 2329939, *6 ("[R]egulations...make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner[.]"). The ALJ then explained that the VA disability ratings provided little value for evaluating Plaintiff's disability under the relevant Social Security regulations because the "limitations in his [VA] assessments [were] not supported by the treatment notes or the consultative exam. Therefore, they are given little weight." (Tr. 19). Plaintiff also fails to look at the entire decision. The ALJ described, in detail, Plaintiff's current medical and psychological condition, the opinions of plaintiff's current treating physicians, his work history, and his daily living habits. (Tr. 16-22). The VA's disability rating is but one consideration in making a disability finding under Social Security regulations. The Court is therefore satisfied that the ALJ appropriately considered Plaintiff's VA disability determination, articulated valid reasons for discounting that determination, and adequately explained those reasons. *See Ritchie*, 540 F. App'x at 508; *Deloge*, 540 Fed. Appx. at 519. Remand is unnecessary.

      **B.**    **Plaintiff's Mental Impairments**

Plaintiff's second contention is that the ALJ was "in error in not explicitly considering the long history of [ ] Plaintiff's treatment at the VA for PTSD. [Doc. 17 at PageID #: 1599-1600]. The Court, however, finds that the ALJ did not err, and substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were not severe.

The ALJ made the following finding regarding Plaintiff's mental impairments in his decision:

> [ ] [Plaintiff] [ ] has a history of anxiety, depress and posttraumatic stress disorder (PTSD). He complained of symptoms including flashbacks, social avoidance, agitation, and sleep disturbance. [ ] [Plaintiff] was prescribed Duloxetine and Ambien. He also participated in individual therapy at the VA. [ ] [Plaintiff] did not require any inpatient psychiatric treatment during the relevant period (Exhibits 8F, 9F, 11F, 13F, 15F, 16F).
>
> [ ] [Plaintiff] 's medically determinable mental impairments of anxiety, depression and [PTSD] do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere.
>
> In making this finding, the [ALJ] has considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four areas of mental functioning are known as the "paragraph B" criteria.
>
> [ ] [Plaintiff] cooks, drives, pays bills, and handles a savings account. Additionally, he reported no difficulties with personal care (Exhibit 4E). This evidence indicates he is capable of learning, recalling, and using information to perform work activities. Accordingly, the [ALJ] has determined the [Plaintiff] has mild restrictions in understanding, remembering or applying information.
>
> [ ] [Plaintiff] lives with his family and attends church regularly (Exhibit 4E). Based on this evidence, it appears that he has the ability to relate to and work with supervisors, co-workers, and the public. Therefore, the [ALJ] has determined the claimant has mild difficulties interacting with others.
>
> [ ] [Plaintiff's] hobbies including watching sports on television and [playing] on the computer. Additionally, he reported no difficulties with completing tasks (Exhibit 4E). This suggests he can focus attention on work activities and stay on task at a sustained rate. Therefore, with regard to concentration, persistence or maintain pace, the [ALJ] has determined the claimant has mild difficulties.
>
> [ ] [Plaintiff] stated he handles stress "average" despite having "frayed nerves." He also was described as "well-kempt" at the consultative examination (Exhibits 4E and 5F). This evidence suggests he can regulate emotions, control behavior, and maintain well-being in a work setting. Therefore, the [ALJ] has determined the claimant has mild restrictions in adapting or managing oneself.
>
> Because the [Plaintiff]'s medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas, it is nonsevere (20 CFR 404.1520a(d)(1)).

(Tr. 15-16).

Except for an occasional anxious mood, Plaintiff's records from his primary care provider, psychiatrist, and psychologist all show that Plaintiff's mental evaluations were universally unremarkable. (Tr. 390, 396, 423, 1035, 1038, 1052, 1056, 1067-68, 1074-75, 1082-84, 1093, 1098, 1108, 1117-19, 1125, 1128, 1132, 1143, 1147-48, 1153-54, 1157, 1159-61, 1165, 1168, 1171). Throughout the record, the medical evidence indicated Plaintiff was well-groomed and that his clothes were well-maintained—facts acknowledged by the ALJ (Tr. 16). That Plaintiff's mental evaluations were consistently unremarkable supports the ALJ's conclusion that Plaintiff's mental impairments were not severe.

Plaintiff's other records also support the ALJ's finding that Plaintiff's mental impairments were not severe. Plaintiff, for instance, reported improvement with treatment. In September 2017, Plaintiff told his psychiatrist that that "for the most part the medications are working pretty good for mood/depression./anxiety" (Tr. 1042). This improvement further supports the ALJ's conclusion that Plaintiff's mental impairments were not severe. *See Hardaway v. Sec'y*, 823 F.2d 922, 927 (6th Cir. 1987) (evidence that medical issues can be improved when using prescribed drugs supports the denial of disability benefits); 20 C.F.R. § 416.924a(b)(9)(i) (the ALJ may consider the effects of medications on symptoms).

### C. The ALJ's Evaluation of Plaintiff's Chiropractor

Plaintiff further argues that the ALJ committed a reversible error as to Plaintiff's chiropractor, Dr. Stephen Cradic, by giving Dr. Cradic's opinion "little weight." [Doc. 17 at PageID #: 1601]. Plaintiff concedes that Dr. Cradic's status as a chiropractor means that he "is not an acceptable medical source[.]" [*Id.*]. However, Plaintiff notes that the ALJ failed to "carefully consider" Dr. Cradic's opinion under the regulations. [*Id.*].

9

First, the Court would note that plaintiff has provided no case law or other authority supporting an argument that the ALJ's analysis of Dr. Cradic's opinion fails to conform to the regulations. Consequently, the Court finds that this argument waived. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("arguments adverted to in only a perfunctory manner, are waived."); *Kennedy*, 87 F. App'x at 466 ("However, issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)).

Second, a chiropractor is not an acceptable medical source under the Commissioner's regulations. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). A chiropractor is, instead, an "other source," which is not subject to the "good reasons" requirement of the treating physician rule. *See* 20 CFR §§ 416.902(a)(1)-(8), 416.927(a)(1), 416.927(f). *See also Flores v. Berryhill*, No. 1:17cv0406, 2017 WL 6882551 at *16 (N.D. Ohio Dec. 15, 2017); *Jones v. Colvin*, 2014 WL 4594812 at *12 (N.D. Ohio Sept. 12, 2014); *Salah v. Comm'r of Soc. Sec.*, No. 1:12 CV 2104, 2013 WL 3421835 at *10 (N.D. Ohio July 8, 2013). Social Security Ruling 06-03p, nevertheless, states that information from "other sources," like chiropractors, "are important" and "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939 at *2 3 (Aug. 9, 2006). *See also* 20 CFR § 416.927(c). Interpreting this regulation, the Sixth Circuit found opinions from "other sources," who treated the claimant, "should be evaluated using the applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). *See also McKitrick v. Comm'r of Soc. Sec.*, No. 5:10 CV 2623, 2011 WL 6939330 at *12 13 (N.D. Ohio Dec. 30, 2011); *Kerlin v. Astrue*, No. 3:09cv00173, 2010 WL 3937423 at *7 (S.D.

Ohio March 25, 2010). *See also* 20 CFR § 416.927(c), (f).

In this case, the Court finds that the ALJ's analysis of Dr. Cradic's opinion is sufficient. The ALJ discussed, for example, that Dr. Cradic's "extreme limitations in his assessments are not supported by the treatment notes or the consultative examinations." (Tr. 19). The ALJ also noted that "much of [Dr. Cradic's] initial opinions are in reference to the [Plaintiff's] former employment as a police officer, not a statement of the [Plaintiff's] ability to perform any job." (*Id.*). In applying the appropriate factors to Dr. Cradic's opinion, the Court finds that the ALJ did not err in discounting Dr. Cradic's opinion and affording it "little weight."

**D.   Consideration of Plaintiff's Subjective Complaints**

Plaintiff next contends that the ALJ erred by not properly considering Plaintiff's subjective complaints. [Doc. 17 at PageID #: 1602].

As an initial matter, Plaintiff's arguments about his credibility are within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of his symptoms were not entirely credible. (Tr. 19-20); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be

accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, his activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (*Id.*). The ALJ noted, for instance, that treatment has been generally successful for controlling Plaintiff's disabling symptoms. (*Id.* at 19). The ALJ also found that Plaintiff was "less than fully cooperative or put forth less than maximal effort during examinations." (*Id.* at 20). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will, therefore, not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

V. **Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgement on the Pleadings [Doc. 16] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 21] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE